CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

NOV 0 4 2005

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JERRY D. SAYERS, ) | |
| Petitioner, ) | Civil Action No. 7:05CV0000611 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| TAZEWELL COUNTY, ) | By: Hon. Glen E. Conrad |
| Respondent. ) | United States District Judge |

Jerry D. Sayers, a Virginia inmate proceeding pro se, filed this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Sayers challenges the validity of his convictions in the Circuit Court for the County of Tazewell. For the following reasons, the court concludes that Sayers has failed to exhaust available state court remedies. Therefore, the court must dismiss his petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1]

## BACKGROUND

On November 11, 2004, Sayers was convicted of attempted murder, malicious wounding, statutory burglary, and violating a protective order. Sayers was sentenced to a total term of imprisonment of thirty-six years. Sayers appealed his conviction to the Court of Appeals of Virginia. The petition for appeal was dismissed for failure to file a transcript or statement of the facts. Sayers did not appeal to the Supreme Court of Virginia or collaterally attack his convictions in state court.

Sayers signed the instant petition on October 3, 2005. On October 6, 2005, the court conditionally filed the petition and advised Sayers that it did not appear that he had exhausted available state court remedies, as required by 28 U.S.C. § 2254(b). The court directed Sayers to

---

[1] Rule 4 provides that the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief...."

submit additional information pertaining to the exhaustion of state court remedies within twenty days. On October 29, 2005, Phyllis Nipper, Sayers' sister, submitted a copy of a letter from J. Christopher Plaster, the attorney appointed to represent Sayers on appeal. In the letter, dated October 7, 2005, Mr. Plaster states that the Court of Appeals dismissed Sayers' petition for appeal for failure to file a transcript or statement of the facts. Mr. Plaster further states as follows:

> In an attempt to preserve my clients [sic] right to an appeal, I filed a Motion to Reconsider the sentence imposed and Judge Henry Vanover entered an Order Suspending the Execution of the Sentence until said motion could be heard. It is my hope that if a new sentencing Order entered, Mr. Sayers may be able to refile his appeal without going through the process of filing a Habeas Corpus.

Since the time for filing any additional response to the conditional filing order has expired, Sayers' petition is ripe for review.

## DISCUSSION

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. The exhaustion requirement is satisfied by seeking review of the claims in the highest state court with jurisdiction to consider the claims. In Virginia, a non-death row inmate can exhaust his state remedies in one of three ways, depending on the nature of the claims he is raising. First, he can file a direct appeal to the Court of Appeals of Virginia, with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against him. Second, he can attack his conviction collaterally by filing a state habeas petition with the circuit court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. Va. Code § 8.01-654. Finally, he can exhaust his remedies by filing a state habeas petition directly

2

with the Supreme Court of Virginia. Id. Whichever route the inmate chooses to follow, it is clear that he must ultimately present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them. See O'Sullivan v. Boerckel, 526 U.S. 828, 845 (1999).

In this case, it is undisputed that Sayers has not presented his claims to the Supreme Court of Virginia. Therefore, he has failed to fully exhaust available state court remedies, as required by 28 U.S.C. § 2254(b). For this reason, Sayers' petition must be dismissed.[2]

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and the accompanying Order to the petitioner and counsel of record for the respondent.

ENTER: This 4th day of November, 2005.

_____
United States District Judge

---

[2] The petitioner may refile his federal habeas petition if he is still unsuccessful in obtaining relief after presenting his claims to the Supreme Court of Virginia through one of the three routes described. The petitioner is advised, however, that his time to file a state or federal habeas petition is now limited. See 28 U.S.C. § 2244(d); Virginia Code § 8.01-654(A)(2).

3